IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Patrick Bertram Walker, #296176, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden of Broad River Correctional )<br>Institution, )<br>)<br>Respondent. ) | C.A. No. 1:09-2672-HMH-SVH<br><br>**OPINION AND ORDER** |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.¹ Patrick Bertram Walker ("Walker") is a pro se state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Hodges recommends granting Respondent's motion for summary judgment. Walker filed objections to the Report and Recommendation. For the reasons set forth below, the court grants the Respondent's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 11, 2003, Walker was sentenced to life imprisonment for murdering his girlfriend's thirteen-year-old son. (Resp't Mem. Supp. Summ. J. Exs. (App. at 892-93).) Walker

---

¹ The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

appealed his conviction and sentence to the South Carolina Court of Appeals, presenting the following issues: "1. Did the lower court err in allowing law enforcement to testify where they searched for Appellant before he turned himself in? 2. Did the lower court err in denying appellant's motion for severance? 3. Did the lower court lack subject matter jurisdiction to try appellant's case?" (Id. Exs. (App. at 717).) On November 28, 2005, the South Carolina Court of Appeals affirmed Walker's conviction and sentence. (Id. Exs. (App.at 764-76).)

Walker filed a pro se application for post-conviction relief ("PCR") on May 22, 2006. (Id. Exs. (App. at 778-84).) Walker alleged that his counsel was constitutionally ineffective for: "(a) failure of counsel to preserve objections; (b) failure of counsel to raise appropriate legal issues; (c) failure of counsel to appropriately cross examine witnesses and raise appropriate defenses." (Resp't Mem. Supp. Summ. J. Exs. (App. at 781).) After an evidentiary hearing on March 1, 2007, the PCR court denied Walker's PCR application and dismissed it with prejudice on May 14, 2007, finding that Walker failed to establish any constitutional infirmities with respect to Walker's rights and that Walker's ineffective assistance of counsel claim was without merit. (Id. Exs. (App. at 790, 837-44).)

Walker appealed the denial of PCR to the Supreme Court of South Carolina. On December 31, 2007, Walker filed a motion for remand to reconstruct the PCR record, claiming that the PCR hearing transcript was incomplete and inaccurate. (Id. Exs. (App. at 845-47).) The South Carolina Supreme Court denied Walker's motion on January 23, 2008. (Resp't Mem. Supp. Summ. J. Exs. (App. at 890).)

On February 22, 2008, Walker's attorney filed a <u>Johnson</u> petition[2] for writ of certiorari, presenting the issue of

> [w]hether trial counsel was ineffective for failing to present evidence that petitioner did not attempt to evade the police but instead followed his counsel's advice and turned himself in on the first business day following the issuance of a warrant for his arrest and whether petitioner was prejudiced by his error because it enabled the solicitor to emphasize flight as evidence of guilt to the jury?

Walker submitted a pro se brief to the court in which he raised the following additional issues:

1. Did the trial Court lack subject matter jurisdiction due to a flaw in the indictment for murder?
2. Was there a fatal variance between the proof at trial and the allegations alleged in the indictment?
3. Did the trial Court lack subject matter jurisdiction due to a flaw in the indictment for murder?
4. Was defense counsel ineffective in failing to object to the State's inflammatory and prejudicial opening argument?
5. Did the introduction of prior inconsistent statements by the State's key witnesses violate the appellant's right[] to a fundamentally fair trial?
6. Was defense counsel ineffective in making a stipulation to prior bad acts evidence and testimony?
7. Was defense counsel ineffective in failing to object to co-counsel's pitting and vouching for State witnesses?
8. Was the defense counsel ineffective in failing to object to co-counsel's bolstering of the case?
9. Was defense counsel ineffective in failing to object to the State's pitting and vouching for the State's key Witnesses in closing argument?
10. Was defense counsel ineffective in failing to object to the State's bolstering of the case in closing argument?
11. Was defense counsel ineffective in failing to move to suppress contaminated evidence by police officers pursuant to the Fourth Amendment?

---

[2] See <u>Johnson v. South Carolina</u>, 364 S.E.2d 201, 201 (S.C. 1988) (approving the withdrawal of counsel in meritless appeals of state PCR actions by following the procedure outlined by the United States Supreme Court in <u>Anders v. California</u>, 386 U.S. 738 (1967)).

12. Was defense counsel ineffective in failing to object or take exception to the trial Court's unconstitutional and confusing malice charge to the jury?
13. Was defense counsel ineffective in failing to move to dismiss the charge due to a violation of the Speedy Trial Act?

On April 23, 2008, Walker supplemented his brief to include the following issue:

14. Was defense counsel ineffective in failing to investigate the State's witness B. [King's daughter] prior to trial?

Walker submitted an amended petition for writ of certiorari on August 28, 2008, in which he asserted three additional issues for review:

15. Whether trial counsel was ineffective when he failed to counter the state's evidence of flight with his personal knowledge regarding the alleged flight?
16. Whether trial counsel was ineffective when he failed to file a motion prior to trial for severance and a separate trial?
17. Whether trial counsel was ineffective when he failed to contemporaneously object to comments made by King's counsel during closing argument?

On July 9, 2009, the Supreme Court of South Carolina summarily denied Walker's petition for writ of certiorari.

Walker filed the instant § 2254 petition on October 7, 2009,[3] asserting the following grounds of relief:

**Ground One**: Did the South Carolina Supreme Court err in denying the motion for remand to reconstruct the PCR Record?

**Ground Two**: Did the State Court of Appeals err in ruling there was no violation of the Speedy Trial Act?

**Ground Three**: Did the Supreme Court err in ruling the trial court properly denied defense counsel's motion for severance?

---

[3] Houston v. Lack, 487 U.S. 266, 266 (1988).

4

**Ground Four**: Did the Supreme Court err in ruling trial counsel was not ineffective?

Supporting Facts: Argument: Part One (A) Defense counsel failed to object to the State's inflammatory and prejudicial opening argument; (B) Defense counsel failed to object to prior inconsistent statements by the State's key witnesses, [B.] and Earnetta King; (C) Defense counsel failed to object to the introduction of prior bad acts evidence and testimony by making a stipulation to its introduction; (D) Defense counsel failed to object to co-counsel's pitting and vouching for State Witnesses, and bolstering of the case; (E) Defense counsel failed to object to the State's pitting and vouching for the State's key Witnesses, and its bolstering of the case; (F) Defense counsel failed to object or take exception to the trial Court's unconstitutional and confusing malice charge to the jury; (G) Trial counsel was ineffective when he failed to counter the State's evidence of flight with His Personal Knowledge Regarding the Alleged Flight; (H) Trial counsel was ineffective when he failed to file a motion prior to trial for severance and a separate trial; (I) Trial counsel was ineffective when he failed to Contemporaneously object to comments made by King's counsel during closing argument.

Argument: Part Two: (A) Trial counsel was ineffective when he failed to raise legal issues and defenses; (B) Trial counsel was ineffective in failing to move to suppress contaminated evidence by police officers pursuant to the Fourth Amendment.

Additional Amended Argument:[4] (1) At trial the State alleged that there had been a Civil Court finding in July 1997 prior to trial of physical abuse and a[n] order of treatment issued. Defense counsel stipulated to it, without even reviewing a copy of the civil court records. Defense counsel failed to investigate that fact prior to trial and failed to obtain the civil court records in the Petitioner's behalf. See: Appendix A, pp. 1-39). (2) Defense counsel also failed to object or take exception to the trial judge's malice charge to the jury, even after the jury had requested the definition of malice, and failed to object or take exception to the judge's procedure in that regard. See: Appendix B, pp. 1-2). Counsel was ineffective. [3] Defense counsel was further ineffective in not being forthright with the court in his personal knowledge in regard to the evidence of flight presented by the State at trial. Counsel plainly admitted to that fact. See: App., p.807; App., p.815, Ls. 6-12). See Appendix C, pp. 1-12). The [receipt] from the South Carolina Department of Probation, Parole, and Pardon Services dated Tuesday June 24, 2003 clearly confirms the fact that Petitioner reported upon that date and paid a $25.00 regular supervision fee. Defense counsel was ineffective

---

[4] On February 18, 2010, Walker supplemented his Petition for Writ of Habeas Corpus, adding these arguments, which more precisely amend Grounds Four (C) and (F).

in failing to call someone from his office to put up testimony against the State's evidence of flight presented at trial. [4] Defense counsel further failed to interview or investigate one of the State's Key witnesses at trial. [(B.)]. At the time of her brother's death, [B.] was nine years old. When she testified at trial she was eleven years old. Counsel plainly admitted that he did not interview or investigate the witness. See PCR Order, pp. 4-5). In review and consideration of this fact; we must first note that [B.]'s testimony at the civil proceeding prior to trial of this case was extremely different from her story version at trial. Counsel failed to impeach [B.]'s testimony at that civil proceeding, but instead, stood by allowing parts of that very testimony to be heard by the jury at trial, when it should not have been as it was highly prejudicial. Had counsel taken an interest in the defense of his client by conducting a through investigation of the witness, he could have properly impeached [B.]'s testimony at trial. Counsel's complete failure to do so allowed inflammatory testimony at trial resulting in an unwarranted prejudice to his client at trial. Counsel was indeed ineffective at the most critical stage of any criminal trial. Defense counsel further failed to move the Court to strike any references, or to give curative instruction in regard to [B.]'s prior testimony at the civil proceeding, which could have very well allowed the jury to base their verdict upon that prior testimony and not the evidence introduced at . . . trial.

**Ground Five**: Did the State Court of Appeals err in ruling the trial Court had subject matter jurisdiction? Supporting Facts: Part A: An indictment must enumerate all elements of the charged offense, regardless of whether it is a Statutory or Common Law offense. This is absolutely necessary in an indictment for murder in this State. See; State v. Dudley, WL 31747311 (2002). It is elementary that every ingredient of the crime must be charged in the indictment. A general reference to the provisions of the Statute is insufficient. It is well established that a failure to recite an essential element of the offense is not [amenable] to harmless error review. See: U.S. v. Spruill, 118 F. 3d 221 (4th Cir. 1997); U.S. v. Hooker, 841 F. 2d 1225, 1228 (4 Cir. 1988). . . . It is well established that S.C. Code Ann.§ 17-19-90 does not limit a Court's review of subject matter jurisdiction, no matter when the issue is raised. The issue was preserved for an Appellate Court review, as the petitioner did not challenge the sufficiency of the indictment. But, instead, challenged the essential elements of the indictment, as to the time and place of death of the victim and the manner in which the victim was killed. Therefore, Gentry did not apply to the [petitioner's] direct challenge to these elements. Gentry, compare e.g. State V. Mitchell, 1 SCL 267,1 Bay (1 S.C.L,) 267 (1792);e.g. Ex Parte Cole V. State, 154 N.C. App. 234,574 S.E. 2d 17 (N.C. App. 2002). Therefore, the South Carolina Court of Appeals erred in not ruling upon this issue.

Part B: The State in this case argued the Hand of One, Hand of All theory during trial and closing argument. (R.pp. 478, line 25-p. 479,line 6). The State requested the Hand of One be charged to the jury. (R.pp. 586, line 19-p. 588, line 7.p. 590,lines 5-23). The trial Court charged the jury upon the Hand of One, Hand of All theory twice. (R.pp. 680, line 5-p. 684, line 2;p. 685, lines 15-25). A very direct legal issue to be considered here now follows. The indictment in question, fails to allege a Hand of One, Hand of All allegation within its language or its face. It fails to allege "assisting, aiding, [abetting], or acting together. Furthermore; our South Carolina Supreme Court has held that in order to convict a person under the Hand of One, Hand of All theory, the defendant must first be charged with conspiracy in the indictment. The indictment in question here fails to allege a conspiracy. See: S.C. Code Ann.,Sect.16-17-410 (1985); State v. Leonard, 355 S.E. 2d at 270; U.S. v.Camps, 32 F. 3d 102,105 (4th Cir. 1994). The State must not only prove a conspiracy to get a conviction, it must be alleged in the indictment. Being present at any crime doesn't make a person guilty, The key is to this type of theory or charge is " knowingly." State v.Hicks, 257 S.C. 279, 85 S.E.2d at 764; State V. Coleman,17 S.C. 473,1882 WL 5605 (1882); State V. Blakenly,11 S.E. 637 at 637-38; State V. Platt, 151 S.E. 206 at 211. The indictment stated did not properly apprise the petitioner of the offense intended to be charged. Thus, it is a matter of jurisprudence between the alleged challenge by the petitioner as to the sufficiency of the indictment, and the subject matter jurisdiction of the trial Court, which the petitioner did direct [challenge]. See: State v. Presier,112 Ohio App. 437,176 N.E. 2d 308 (Ohio App. 1960): State v. Bullock, 842 So. 2d 605 (Ala. 2002): State V. Halder,13 S.C.L. 377, 2 Mc Cord (13 S.C.L, 377 (1823).

**Ground Six**: Would this District Court err in not granting petitioner's Motion For Summary Judgment?

Supporting Facts: This Ground Six is posed as a legal question and ground, as a matter of law and constitutional rights. It is based upon the prejudice suffered by petitioner as a pre-trial detainee, during the trial, [throughout] PCR and Appellate proceedings by the State, the Sixth Amendment right to effective assistance of counsel, both at trial and the PCR [proceedings]. Therefore, petitioner contends that it would be error for this District Court failing to grant his Motion For Summary Judgment.

**Ground Seven**: Was PCR counsel ineffective?

Supporting Facts: First, the District Court should note that petitioner's wife Ms. Sameera Walker gave her husband's pro-se PCR Brief with Application to his PCR attorney, Mr. Kurt Tavernier to be filed with the Clerk of Court for Greenville County. However; no where in the entire case file or records, can a

filing of that pro-se Brief be found. Counsel failed to follow the rules and procedures of the PCR Act and State Law. See: Rule 71.1 (e), SCRCP and the Post-Conviction Relief Act. PCR counsel further advised petitioner to withdraw some of his PCR allegations, when those allegations had legal merit that might well have resulted in a favorable South Carolina Court of Appeals, or Supreme Court decision, had those issues at least been stated on the PCR transcript record to preserve them for an Appellate review; See: (PCR R.pp. 3, line 17-p. 4, line 10). Petitioner only had one bite at the apple as PCR Judge Nettles stated. See: (PCR R.pp.4, lines 2-4, p. 5, lines 11-13). Therefore, petitioner contends that PCR counsel was indeed ineffective, and that he was prejudiced by counsel's ineffectiveness. See: Frasier v. State, 351 S.C. at 385, 570 S.E. 2d at 174; Strickland, 104 S. Ct. at 2052, Rule 71.1(e),SCRCP.

(Pet'r Mem. Supp. Habeas Corpus Pet. 2-21) (errors in original).

On February 26, 2010, Respondent filed a motion for summary judgment. On March 3, 2010, Walker filed a memorandum in opposition to Respondent's motion for summary judgment. For the reasons explained below, the court grants Respondent's motion for summary judgment.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). When reviewing the pleadings of a pro se petitioner, the court must liberally construe his pleadings to allow the development of a potentially meritorious case. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, applying this liberal construction does not authorize the court to ignore a failure to allege facts which set forth a cognizable federal claim in his pleadings, nor does it allow the court to assume the existence of genuine issues of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390 (4th Cir. 1990).

### B. Standard of Review for a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Walker has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). Therefore, to grant Walker's petition, the court must conclude that the state court's application was not only erroneous but that it was objectively unreasonable. Winston v. Kelly, 592 F.3d 535, 554 (4th Cir. 2010).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because the claims raised in Walker's petition are procedurally defaulted or without merit.

(Report and Recommendation, generally.) Further, the magistrate judge submits that Walker has failed to show cause and prejudice to excuse his procedural default.

Upon review, the court finds that many of Walker's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court has identified three specific objections: (1) Ground Four (A), (B), (C) (as amended), (E), (F) (as amended) and Ground Seven are not procedurally time barred, and even if procedurally barred, he has shown cause and prejudice to excuse his default; (2) affidavits presented to the court and not included in Magistrate Judge Hodges' Report preclude entering summary judgment in favor of the Respondent; and (3) Ground Eight, which was not addressed by either Respondent or the magistrate judge, entitles Walker to habeas relief.

### 1. Procedurally Barred Claims

For a state prisoner to secure federal habeas relief, the petitioner must "ha[ve] exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, state prisoners must fairly present their claims before the state courts and allow "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004). A habeas petitioner must fairly present his claims to the state's highest court to satisfy the exhaustion requirement. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). For a claim to be fairly presented to the state court, the petitioner must present the court with "the substance of his federal habeas corpus claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (internal quotation marks omitted). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a

theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (internal quotation marks omitted). The court may review the merits of a procedurally defaulted claim if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The burden of demonstrating that state remedies have been exhausted rests with the petitioner. Mallory, 27 F.3d at 994.

Walker specifically objects to the magistrate judge's recommendation that the following claims are procedurally defaulted: Ground Two; Ground Four (A), (B), (C) (as amended), (E), (F) (as amended); and Ground Seven. Walker submits that these claims have been exhausted because he presented them before the Supreme Court of South Carolina in his pro se brief. In the alternative, Walker contends that he has shown cause and actual prejudice and that "a miscarriage of justice has occurred" to excuse any procedural default. After review, the court concludes that Walker's objection is without merit.

In Ground Two, Walker argues that the South Carolina Court of Appeals erred "in ruling there was no violation of the Speedy Trial Act." (Pet'r Mem. Supp. Summ. J. 3.) Walker, however, failed to raise this issue at trial or on direct appeal. Although Walker's trial counsel filed a speedy trial act request before the trial judge, Walker failed to appeal the trial court's denial of the motion. Because Walker did not present the speedy trial issue in his direct appeal, the court agrees with the magistrate judge's recommendation that Walker has failed to exhaust this claim. Matthews, 105 F.3d at 912 (concluding that a claim was not exhausted when the

state court denied petitioner's pre-trial motion but petitioner failed to raise the issue before the Supreme Court of South Carolina).

The magistrate judge determined that Ground Four Parts (A), (B), (C), (E), and (F) were procedurally defaulted, finding that Walker failed to raise them in either his PCR proceedings or on appeal. South Carolina law requires PCR applicants to raise all of their grounds for relief in their initial PCR application unless "sufficient reason" exists to excuse the applicant's failure to raise all claims. S.C. Code Ann. § 17-27-90. Claims that are neither presented to nor ruled upon by the PCR court are procedurally barred from review by the Supreme Court of South Carolina. Plyler v. South Carolina, 424 S.E.2d 477, 478 (S.C. 1992).

Walker does not assert any sufficient reason for his failure to include these claims in his initial PCR application. Because Walker failed to fairly present these claims before the PCR court or raise them on appeal, the court agrees with the recommendation of Magistrate Judge Hodges that these claims are procedurally defaulted. See Matthews, 105 F.3d at 912 ("[Matthew's] claim was not exhausted because it was not presented to the Supreme Court of South Carolina. In the absence of such an attempt by Matthews, the claim is unexhausted.").

Finally, in Ground Seven, Walker asserts that this PCR counsel was ineffective. The magistrate judge recommended denying habeas relief because Walker failed to raise this objection at the state level and because it is not a cognizable claim for federal habeas relief. For an ineffective assistance of counsel claim to constitute cause for a procedural default, a habeas petitioner must establish a constitutional right to counsel. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (en banc). Because state habeas prisoners lack a constitutional right to counsel, Walker's claim fails. Id. at 447.

Walker contends that even if his claims are procedurally defaulted, he has shown cause and prejudice to excuse any procedural default. To establish cause, Walker must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A habeas petitioner successfully shows cause when "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." Roach v. Angelone, 176 F.3d 210, 222 (4th Cir. 1999).

Walker fails to proffer any sufficient evidence that would demonstrate cause for not exhausting his claims at the state level. Because the court finds that there is no cause for the procedural default, the court does not reach the issue of prejudice. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir. 1998).

Walker further argues that a miscarriage of justice will result by the court's failure to consider his claims. To successfully show that a procedural default will result in a miscarriage of justice, a habeas petitioner must show that he is "actually innocent." Wolfe v. Johnson, 565 F.3d 140, 164 (4th Cir. 2009). A demonstration of actual innocence requires a petitioner to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Further, the evidence must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327.

Walker has failed to produce any reliable evidence that would lead the court to conclude that no reasonable juror would convict him in light of the newly proffered evidence. The prosecutor presented eyewitness testimony as well as substantial forensic evidence indicating

14

Walker's guilt. See South Carolina v. Walker, 623 S.E.2d 122, 124-27 (S.C. Ct. App. 2005). Without any credible new evidence to substantiate a showing of actual innocence, Walker's contention that he will suffer a miscarriage of justice fails.

Because Walker has not established cause for the procedural default or that a miscarriage of justice would result if the court does not consider his claim, the court agrees with the recommendation of the magistrate judge that the court is barred from reviewing the merits of Grounds Two; Four (A), (B), (C) (as amended), (E), (F) (as amended), and Seven.

### 2. Issue of Material Fact

Walker also maintains that summary judgment is improper because a genuine issue of material fact exists. Specifically, Walker directs the court to two affidavits not expressly addressed in Magistrate Judge Hodges' Report and Recommendation. After review, the court concludes that neither of these documents creates a genuine issue of material fact.

First, Walker contends that the March 25, 2010 affidavit of Kurt Tavernier ("Travernier"), Walker's PCR counsel, creates a genuine issue of material fact. Tavernier's affidavit relates to Ground One of Walker's habeas claim, which the magistrate judge concluded failed to state a cognizable federal habeas claim because alleged defects in state post-conviction procedures are outside the scope of federal habeas review.[5] Because Ground One fails to state a cognizable habeas claim, a factual dispute with respect to this claim would be inconsequential to entering summary judgment. Anderson, 477 U.S. at 248 (noting that factual disputes that do not affect the outcome of the case do not preclude entry of summary judgment). Second, Walker

---

[5] Walker does not assert a specific objection to Magistrate Judge Hodges' recommendation that Ground One fails to state a cognizable claim.

argues that a March 25, 2010 letter from Dr. Robert Bennett ("Dr. Bennett"), forensic scientist, to Walker precludes the entry of summary judgment. Dr. Bennett's letter represents a handwriting analysis in which Dr. Bennett finds that a July 25, 2002 letter was not penned by Walker. Walker does not allege how this letter supports any of his habeas claims. Thus, the letter fails to create a genuine issue of material fact.

### 3. Ground Eight

Walker's final specific objection is that Ground Eight, which was not addressed by either the Respondent or the magistrate judge, entitles him to habeas relief.[6] In Ground Eight, Walker submits that his conviction should be reversed because the South Carolina Court of Appeals reversed the conviction of Earnetta King ("King"), Walker's co-defendant. (Pet'r Mem. Supp. Habeas Pet. 21.) The South Carolina Court of Appeals reversed King's conviction because the trial court excluded a letter purportedly written by Walker in which he stated that he was solely responsible for the murder. See South Carolina v. King, 623 S.E.2d 865, 868-70 (S.C. Ct. App. 2005). As the South Carolina Court of Appeals recognized, the trial court's exclusion of the self-inculpatory letter was beneficial to Walker and prejudicial to King. Id. at 868-69. Walker does not show how the reversal of King's conviction affords him habeas relief, and therefore, Ground Eight fails.

After a thorough review of the magistrate judge's Report and the record in this case, and after concluding that Walker's objections to the Report and Recommendation fail, the court adopts Magistrate Judge Hodges' Report and Recommendation.

---

[6] Walker raises this specific objection in his supplement to his objections to the Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 21, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
September 14, 2010

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.